**Frank L. Taylor, Trustee, Appellant, v. Mert W. Johnson, Appellee.**

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

Assumpsit. Appeal from the Circuit Court of Christian county; the Hon. J. C. McBRIDE, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

MILLS BROTHERS, for appellant.

PROVINE & PROVINE and ALONZO HOFF, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This appeal is prosecuted to have reviewed a judgment for costs in favor of the defendant, rendered upon the verdict of a jury, in an action in *assumpsit*. The controversy grows out of the following state of facts: For some time prior to July 27, 1905, Abraham Cornick conducted a harness shop in the village of Assumption. Shortly before that day his place of business was destroyed by fire, and he received about $2,000 on account of insurance upon the property, which he deposited in the First National Bank, and then left Assumption. Within a few days thereafter he sent to his son Roland a check upon said bank for the sum of $1,200, to be used by Roland in paying a

small judgment against Roland, and for the future support and maintenance of the family. Roland endorsed and delivered the check to appellee, in exchange for checks and currency amounting to about $300 and an agreement by appellee to assume all liability upon a note for $500 executed by Roland to the First National Bank maturing July 15, 1906, upon which appellee was surety. Payment of the check was refused by the bank several times because of a garnishment proceeding brought by one of Abraham's creditors, but was finally honored on October 2, 1905. Appellee then paid Roland the balance due on the check. On November 27, 1905, Abraham was adjudged a bankrupt by the U. S. District Court. The plaintiff thereafter, as trustee of the bankrupt estate, brought this suit under section 67e of the Bankruptcy Act of 1908, which is in substance as follows:

"All transfers and conveyances made, by a person thereafter adjudged bankrupt, within four months prior to the filing of the petition, are void as to creditors, except as to purchasers in good faith and for a present fair consideration, and except as to exempt property, and it is the duty of the Trustee to recover and reclaim the same."

The declaration charges that Abraham executed and delivered the check to Roland intending to hinder, delay and defraud his creditors or some one or more of them; that such transfer occurred within four months prior to the filing of the petition to have Abraham adjudged a bankrupt; that Roland was not a purchaser in good faith and for a present fair consideration, but knew of the intention of his father with relation to such transfer, and that appellee did not become a *bona fide* holder of said check for value. The facts and circumstances in evidence tend to establish the averments of the declaration as to the transaction between Abraham and his son, and an action would doubtless lie against the latter. It was essential, however, in order to recover in the present action, that it should

further appear from the evidence that appellee was not a purchaser in good faith for a present fair consideration.

To attempt to set out or discuss the evidence in detail would unduly lengthen this opinion. It will suffice to say that after a careful examination of all the evidence, we are fully satisfied that the jury was warranted in finding that appellee received the check in the regular course of business, in good faith, and that he paid full value therefor. Although the transaction may have been fraudulent as between Abraham and his son, so far as the proof shows appellee had no actual or constructive knowledge thereof and was a stranger thereto.

We find no prejudicial error in the rulings upon the instructions. Those offered by appellant and refused were either abstract in form, argumentative, or pertained to the question of fraud, which question does not arise under the facts in the case.

The judgment of the Circuit Court is affirmed.

*Affirmed.*